IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 10-cv-01328-LTB-MJW

STEPHANIE SALAZAR,

        Plaintiff,

v.

CITY OF COMMERCE CITY;
GERALD M. FLANNERY, in his individual capacity; and
TOM ACRE, in his individual capacity,

_____

## ORDER
_____

This matter is before me on a Motion for Review of Clerk's Bill of Costs Determination

[**Doc # 138**] filed by Defendants City of Commerce City, Gerald M. Flannery, and Tom Acre.

Defendants challenge the Bill of Costs entered in their favor, and against Plaintiff Stephanie

Salazar, in the amount of $10,221.09, and seek an award of additional costs in their favor.

Plaintiff opposes Defendants' request. This motion has been briefed and oral argument would

not materially aid in its resolution. For the reasons stated below, I GRANT the motion in part,

and DENY it in part, as follows.

## I. BACKGROUND

On September 5, 2012 – following a partial summary judgment ruling and a four-day jury

trial – final judgment entered in favor of Defendants and against Plaintiff on all her claims

pursuant to Fed. R. Civ. P. 58(a). Defendants subsequently filed a Proposed Bill of Costs

seeking $31,829.04. The Clerk of this Court awarded costs in their favor, in the reduced amount

of $10,221.09, on September 27, 2012. Defendants then filed this motion seeking

reimbursement of some of the costs disallowed by the Clerk of the Court, in the total amount of

$14,595.85.

## II. LAW

An award of costs is provided for by Fed.R.Civ.P. 54(d)(1), which states that "[e]xcept

when express provision therefor is made either in a statute of the United States or in these rules,

costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the

court otherwise directs."   Items taxable as costs, set out in 28 U.S.C. § 1920, are:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A court, in its discretion, need not award 28 U.S.C. § 1920 costs under Fed. R. Civ. P. 54(d);

however, the court has no discretion to award items as costs that are not set forth in §1920.

*Crawford Fitting Co. v. J. T. Gibbons, Inc.,* 482 U.S. 437, 441-42, 107 S.Ct. 2494, 96 L.Ed.2d

385 (1987); *see also Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990).

The party seeking costs bears the burden of establishing "the amount of compensable

costs and expenses to which it is entitled and assumes the risk of failing to meet that burden."

*Allison v. State One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002)(citation omitted).  Once

2

the clerk has made his or her decision regarding taxation of costs, "the party objecting to the

clerk's taxation has the burden of persuading the court that it was improper." 10 ALAN

WRIGHT, ARTHUR R. MILLER & Mary Kay Kane, Federal Practice and Procedure § 2679

(3d ed.2007); *see also Keelan v. Denver Merchandise Mart,* 2005 WL 1799365(D.Colo.

2005)(unpublished).   The final award of costs rests within the discretion of the court. *Tilton v.*

*Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1476 (10th Cir. 1997).

## III. ANALYSIS

In this motion, Defendants seek reimbursement of some of the costs disallowed by the

Clerk of the Court.  Specifically, they seek an award of: 1) $1,881.38 in costs for the deposition

transcripts of Mr. Clements, Mr. Limbaugh, Dr. Johnston, Dr. Lillydahl and Ms. Slaughter; 2)

$381.56 in costs for trial witness fees and subpoena fees associated with Jim White and Susan

Slaughter; 3) $4,732.91 in copy costs incurred; 4) $2,800.00 in costs for deposition fees charged

to Defendants by Plaintiff's identified expert witnesses (P.A. Wilson, Jo Angela Johnston & Dr.

Lillydahl); and 5) $4,800.00 in costs incurred for the "real time" trial transcript.  As such,

Defendants now ask I award them a total of $14,595.85 in costs in addition to the $10,221.09

originally awarded by the Clerk.

*A.  Costs Associated with Depositions*

In support of their request for costs associated with the depositions of Clements,

Limbaugh, Johnston, Lillydahl and Slaughter, Defendants argue that they are entitled to the costs

for deposition transcripts associated with the five witnesses as reasonable and necessary for entry

of summary judgment – noting that the testimony of Mr. Clement was cited to in the summary

judgment ruling – and for trial – in that these witnesses were named on the final pre-trial order

and the parties' witness lists, even though they ultimately did not testify.  Plaintiff argues that

these costs were not necessarily obtained for use in this case, as is required by 28 U.S.C.

1920(2), but instead consisted of materials for the convenience of counsel.  *See U.S. Indus., Inc.*

*v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir.1988), *overruled on other grounds as*

*recognized by Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th Cir. 1996).

Both parties refer me to *Karsian v. Inter-Regional Financial Group, Inc.,* 13 F.Supp.2d

1085 (D. Colo.1998),  in which the district court set forth the following seven-factor test it used

to determined whether deposition costs are taxable:

> (1) costs for depositions taken solely for discovery purposes or for counsel's
> convenience are not taxable;
> (2) costs of both the stenographic transcription and the videotaping of the
> deposition of individuals who later testified at trial are taxable;
> (3) costs for depositions cited in summary judgment briefs are taxable;
> (4) costs of depositions where depositions excerpts were exchanged for use at trial
> are taxable;
> (5) for categories 3 and 4 above, only the cost of the stenographic transcript is
> taxable, unless the witness also testified at trial;
> (6) costs for depositions of individuals who did not testify at trial or appear on the
> parties' pretrial order and one of the parties' final witness lists are not taxable,
> unless these depositions fall into category 3 or 4 above; and
> (7) costs of the stenographic transcripts of individuals who did not testify at trial
> but whose names appeared on the pretrial order as well as one of the parties' final
> witness list are taxable.

*Id.* at 1088.  Defendants argue that the costs for these witnesses' deposition transcripts are

taxable to Plaintiff because the deposition testimony was cited in summary judgment briefs

(Factor 3) and the witnesses subsequently appeared on the parties' pretrial order and on

Plaintiff's final witness list (Factor 7).

While acknowledging that the deposition transcript costs sought here may be taxable,

Plaintiff asserts that I should exercise my discretion and not award them on the basis that: 1) they

were not necessary for the summary judgment determination; *see Tilton v. Capital Cities/ABC, supra,* 115 F.3d at 1474 (finding no abuse of discretion "in the taxing of transcription costs associated with depositions that were [only] actually utilized by the court in considering [the defendant's] motion for summary judgment"), and 2) although these witnesses were listed on the Final Pretrial order and witness lists, their deposition transcripts were not necessarily "necessary" in that I required the parties to list all potential witnesses in the Pretrial Order.

I conclude, however, that these deposition transcripts were necessary at the time that they were taken in order for Defendants to prepare for summary judgment and for trial. *See Allison v. Bank One-Denver, supra,* 289 F.3d at 1249 (ruling that "[a]s long as the taking of the deposition appeared to be reasonably necessary at the time it was taken, barring other appropriate reasons for denial, the taxing of such costs should be approved")(*citing Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir.1998)). These transcription costs are documented in the material supplied to the Clerk attached to Defendants' proposed Bill of Costs. [Doc #131] As such, Defendants are entitled to an award of $1,881.38 for the cost of deposition transcripts for Clements, Limbaugh, Johnston, Lillydahl and Slaughter pursuant to 28 U.S.C. § 1920(2). *See In re Williams Securities Litigation-WCG Subclass,* 558 F.3d 1144, 1147 (10th Cir. 2009)(noting that Rule 54 creates a presumption that the district court will award costs to the prevailing party, and that it must provide a valid reason for denying such costs)(citations omitted).

B. *Costs for Witness and Subpoena Fees*

In support of its request for the witness and subpoena fees for Jim White and Susan Slaughter, Plaintiff contends that neither witness was called to testify at trial and, moreover, that the amount sought for these fees (of $381.56) is *de minimus*. However, I agree with Defendants

that these fees are provided for in 28 U.S.C. § 1920(3), and Defendants have met their burden to prove that the costs requested were necessary for trial.  I am not persuaded by Plaintiff's argument that they should not be awarded as "*de minimus*" and, as such, I will award these fees as requested by Defendants.

*C. Photocopy Costs*

With regard to the photocopy costs incurred during this litigation, Defendant initially sought $5,678.93 from the Clerk, who discounted that amount to $946.02.  Defendant now seek an additional award of the $4,732.91 that the Clerk disallowed.  Plaintiff contends that although these costs are *allowable* under 28 U.S.C. § 1920(4), Defendants have not argued that they were *necessary* to the litigation of the underlying case.  As such, they have not met their burden to prove that they are properly taxable costs.  *See Allison v. Bank One-Denver, supra,* 289 F.3d at 1249 (finding no abuse of discretion in the trial court's decision to deny photocopying costs on the basis that the party seeking costs must establish their necessity).

Defendants assert that receipts supporting the copy costs incurred by them during the course of this litigation were attached to their proposed Bill of Costs [Doc #131], and that such copies were "necessarily obtained for use in this case."  They further assert that the Clerk only awarded copy costs associated with a few of the invoices from around the time of the summary judgment and around the time of the trial, but disallowed the remainder.  They contend that the disallowance was improper because costs associated with copying during a lawsuit are specifically awarded by statute (28 U.S.C. §1920(4)), and "[t]he test is not whether the documents copied were discovery documents or other types of documents, but rather, whether the documents were necessarily obtained for use in the case."  *Karsian v. Inter-Regional*

*Financial, supra,* 13 F.Supp.2d at 1093 (*citing Tilton v. Capital Cities/ABC, supra,* 115 F.3d at 1476).

Plaintiff argues that Defendants have failed to argue or show how the disallowed copies were necessary to the litigation of this case, as opposed to just a mere convenience for counsel. Specifically, rather than arguing the necessity of the costs, Plaintiff contends that Defendants only assert that the copies were made in the course of this litigation.  Because I agree with Plaintiff that Defendants have only demonstrated that the copies were incurred, not that they were necessarily obtained for use in this case, and because it is Defendants' burden to prove that the Clerk's award was improper, I deny Defendants' request for an additional award for photocopying costs.  *See Karsian v. Inter-Regional Financial, supra,* 13 F.Supp.2d at 1093; *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC* , 2011 WL 1134789 (D.Colo. 2011)(unpublished)(ruling that the failure to "specify what these various copies were, even in broad categories, ...  provides no basis for the Court to find that these copies were necessarily incurred in litigating this case").

*D.  Deposition Fees for Plaintiff's Expert Witnesses*

Defendants also seek an award for the fees charged by Plaintiff's identified expert witnesses to attend their own depositions.  I agree with Plaintiff, however, that such fees do not fall within the purview of 28 U.S.C. §1920.  *See Crawford Fitting v. J.T. Gibbons, supra,* 482 U.S. at 445 (holding that costs taxable pursuant to Fed. R. Civ. P. 54(d) are limited to those expressly stated).  Section 1920(2) defines deposition fees only as "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Because fees charged by an expert to attend his or her deposition are not transcripts, I decline to

award the $2,800.00 in fees charged by Plaintiff's experts to Defendants, for attending

depositions, as costs incurred.  *See generally Griffith v. Mt. Carmel Medical Center*, 157 F.R.D.

499, 505 (D.Kan. 1994)(ruling that although a prevailing party may recover some costs incurred

by them in deposing an opposing party's expert witness, pursuant to Fed. R. Civ. P. 54(d), "such

recovery will be strictly limited to the statutory maximum attendance fee").

*E. Costs for "Real Time" Trial Transcript*

Finally, I agree with Plaintiff that the costs for "real time" transcripts incurred by

Defendants during the trial of this matter were not necessary, but rather were for the convenience

of the Defendants' attorneys.

In seeking these fees, Defendants rely on *United Intern. Holdings, Inc. v. Wharf*

*(Holdings) Ltd.,* 174 F.R.D. 479, 483 (D.Colo. 1997), where the district court ruled that daily

trial transcripts were costs that may be taxed under 28 U.S.C. § 1920(2) "if they were necessarily

obtained, as judged at the time of transcription."  In that case, based on the nature and length of

the trial, a daily trial transcript was found necessary for the "weekly mini-summations,

videotaped depositions and demonstrative exhibits" needed to "streamline the presentation and

assisted the jury in understanding the case."  *Id.* at 484.  Such circumstances were not present

here.  Moreover, "[a]s a general rule, taxation of costs for daily copy is not allowed absent prior

court approval." *Karsian v. Inter-Regional Financial, supra,* 13 F.Supp.2d at 1088.  As a result, I

find that the real time transcripts were not reasonably essential or necessary for the trial in this

matter, and I decline to award Defendants the $4,800.00 sought therefor on the basis that they

were not necessary taxable costs.

CASE 1:10-cv-01328-LTB-MJW   Document 157   Filed 03/20/13   USDC Colorado   Page 9 of 9

ACCORDINGLY, I GRANT in PART and DENY IN PART the Motion for Review of Clerk's Bill of Costs Determination [**Doc #138**],  pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, as follows:

1)  I GRANT the motion to the extent that Defendants seek an additional award of costs for $1,881.38 for deposition transcripts and $381.56 for trial witness and subpoena fees;

2) I DENY the motion to the extent that Defendants seek an additional award of costs for $4,732.91 in copy costs, $2,800.00 in deposition fees/cost charged by Plaintiff's identified expert witnesses; and $4,800.00 in costs incurred for the "real time" trial transcript; and

3) As a result, I AWARD COSTS to Defendants, and against Plaintiff, of $2,262.94 ($1,881.38 plus $381.56) above what the Clerk of the Court already awarded, bringing the total cost award to $12,484.03 ($10,221.09 plus $ 2,262.94).

Dated: March __20__, 2013,  in Denver, Colorado.

BY THE COURT:


  __s/Lewis T. Babcock_____
LEWIS T. BABCOCK, JUDGE